UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

v.

DEFENDANT NO. 1: $3,920.00 IN UNITED STATES CURRENCY, More or less;

DEFENDANT NO. 2: 19-SINGLE OUNCE GOLD COINS;

DEFENDANT NO. 3: 20-SINGLE OUNCE SILVER COINS;

DEFENDANT NO. 4: 1-SILVER AND GOLD CANADIAN COIN;

DEFENDANT NO. 5: 1-SINGLE OUNCE GOLD BAR,

Defendants.

Case No. 18- 01092

**COMPLAINT FOR FORFEITURE IN REM**

Plaintiff, United States of America, by and through its attorneys, Stephen R. McAllister, United States Attorney for the District of Kansas, and Colin Wood, Special Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure.

## NATURE OF THE ACTION

1. This is an action to forfeit and condemn to the use and benefit of the United States of America the above-captioned property (hereinafter "defendant property"), for violations of 21 U.S.C. § 841.

## THE DEFENDANT IN REM

2. The defendant property consists of the above-captioned currency and precious metals that were seized by the Wichita and Andover police departments on or about November 23, 2015 during the execution of a criminal drug search warrant at 615 N. Westchester, in Andover, Butler County, in the District of Kansas. The currency is currently in the custody of the Wichita Police Department but upon the processing of this Complaint will be transferred to the United States Marshal Service.

## JURISDICTION AND VENUE

3. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355.

4. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. 1355(b). Upon filing this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district and/or pursuant to 28 U.S.C. § 1395, because the defendant property is located in this district.

**BASIS FOR FORFEITURE**

6. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; and/or 2) proceeds traceable to such an exchange; and/or 3) money, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act.

7. Supplemental Rule G(2)(f) requires this complaint to state *sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial*. Such facts and circumstances supporting the seizure and forfeiture of the defendant property are contained in Exhibit A which is attached hereto and incorporated by reference.

**CLAIM FOR RELIEF**

WHEREFORE, the plaintiff requests that the Court issue a warrant for the arrest of the defendant property; that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the properties; that the defendant property be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action; and for such other and further relief as this Court deems proper and just.

The United States hereby requests that trial of the above entitled matter be held in the City of Wichita, Kansas.

Respectfully submitted,

STEPHEN R. MCALLISTER
United States Attorney

Colin Wood
______________________________
COLIN D. WOOD, #19800
Special Assistant United States Attorney
1200 Epic Center, 301 N. Main
Wichita, Kansas 67202
(316) 269-6481
Fax (316)269-6484

DECLARATION

I, Timothy Davis, Task Force Officer with the Drug Enforcement Administration in the District of Kansas.

I have read the contents of the foregoing Complaint for Forfeiture, and the exhibit thereto, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 19 day of March, 2018.

TFO Timothy Davis
DEA

**AFFIDAVIT**

I, Timothy Davis, being first duly sworn, depose and state:

1. Your Affiant has been employed with the Sedgwick County Sheriff's Office since January 1999, and has been cross-designated as a DEA Task Force Officer since June 2013. My duties include investigation of violations of the Controlled Substance Act, Title 21 of the United States Code and forfeitures thereto.

2. The information contained in this report is known to your Affiant through personal direct knowledge, and/or through a review of official reports prepared by other law enforcement personnel. This report is submitted in support of a forfeiture proceeding.

3. On November 23, 2015, during the execution of a drug search warrant for the residence of Christopher Carter, located at 615 N. Westchester, in Andover, Butler County, in the District of Kansas, officers located 2,651.4 grams of methamphetamine and in close proximity: $3,920.00 in U.S. currency, 19-single ounce gold coins, 20-single ounce silver coins, 1-silver and gold Canadian coin, and 1-single ounce gold bar. Within the currency was drug buy money belonging to the Wichita Police Department used by a cooperating individual for payment of an earlier illegal drug debt owed to Carter.

4. Melissa Pennington, an occupant of the residence was present at the search warrant execution and was interviewed. Pennington told officers that Carter had been selling methamphetamine from the residence for several months and uses his drug profits to buy gold.

5. Christopher Carter was indicted by a federal grand jury in April of 2016, and was later convicted. In his plea agreement Carter agreed to the criminal forfeiture of the $3,920.00 and 21 gold coins. Because of the confusion surrounding the description of the precious metals, this separate civil asset forfeiture case has been brought against the seized property.

6.. Based upon the information set out above, the Affiant has probable cause to believe that the above-described assets seized by the Andover and Wichita Police Departments constitutes money, or other things of value furnished, or intended to be furnished, in exchange for a controlled substance or proceeds traceable to such an exchange, or was used, or intended to be used, to facilitate one or more violations of Title 21, U.S.C. § 841 et.seq. Accordingly, the property is subject to forfeiture pursuant to Title 21, U.S.C. §§ 853 and 881.

[signature]
Timothy Davis, TFO
DEA

Sworn to and subscribed before me this 19th day of March, 2018.

[signature]
NOTARY PUBLIC

STATE OF NOTARY PUBLIC KANSAS
MICHELLE R. KELLOGG
My Appointment Expires
October 24, 2018